1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  MICHAEL T. PYLE (CABN 172954)
   Assistant United States Attorney
4  150 Almaden Boulevard, Suite 900
   San Jose, California 95113
5  Telephone: (408) 535-5087
   FAX: (408) 535-5081
6  Email: michael.t.pyle@usdoj.gov

7  Attorneys for United States of America

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  REQUEST FROM THE DISTRICT COURT   )   MISC NO.
    OF LUGANO, SWITZERLAND FOR        )
12  INFORMATION FROM OATH HOLDINGS    )   **MEMORANDUM OF LAW IN SUPPORT OF**
    INC.                              )   **APPLICATION FOR ORDER PURSUANT TO**
13                                    )   **28 U.S.C. § 1782**
14  RE Marta Jankovska v. PKB Privatbank S.A.,  )
    REF NO. OR.2016.233               )
15

16

17         The United States of America submits this Memorandum in support of the Application for

18  Order,[1] pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from judicial authorities in Lugano,

19  Switzerland for international judicial assistance to obtain certain testimony from Oath Holdings Inc.

20  ("Oath Holdings") in the form of a answers to several questions, some of which may be answered by

21  producing documents in the forms of logs of activity if such documents exist. *See* 28 U.S.C. § 1782(a)

22  ("The order may prescribe the practice and procedure … for … producing the document..."); *In re*

23  *Clerici*, 481 F.3d 1324, 1335-36 (11th Cir. 2007) (noting that in this case the district court did not set a

24

25  procedure; however, the Federal Rules allowed for written testimony: "For example, Rule 26(a)(5)

26  _____

27         [1] *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)
    ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte.
28  The witnesses can and have raised objections and exercised their due process rights by motions to quash
    the subpoenas.").

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT
TO 28 U.S.C. § 1782.                    1

authorizes the taking of testimony by deposition upon written questions, and Rule 31 provides the specific practices and procedures for taking depositions upon written questions"). *See also* Hague Conference on Private Int'l Law, *Practical Handbook on the Operation of the Evidence Convention* ¶ 127, at 52 (3d ed. 2016) [hereinafter 2016 *Handbook*] ("Witness examination may take place in oral form (oral testimony in response to questions put by the examining officer) or in written form (written responses to written interrogatories)."). [2]

## INTRODUCTION

The request for international judicial assistance comes from the District Court in Lugano, Switzerland. Specifically, the Court has issued a Letter of Request requesting judicial assistance to obtain testimony for use in the case captioned *Marta Jankovska v. PKB Privatbank S.A.*, Foreign Reference Number OR.2016.233.  *See* Declaration of Michael T. Pyle ("Pyle Dec."), Exhibit 2 (Letter of Request).

The facts of this case, as stated in the Letter of Request, indicate that the matter is a civil proceeding in which the Swiss Court is adjudicating a case that involves details about two yahoo e-mail accounts: (1) katerina.jankovska@yahoo.com and (2) katerina.jankovskas@yahoo.com.  (Note that the only difference in the e-mail names is an "s" at the end of the second one.)   The underlying case relates to allegations that a deposit of 1,000,000 British Pounds into a bank account was transferred out of the account by someone who hacked the above yahoo e-mail accounts in order to obtain the funds.  The plaintiff filed an action in Swiss court requesting the bank to reimburse the amounts transferred without her consent.

In order to make its determination, the Swiss Court is requesting information regarding the two yahoo e-mails (1) the creation of the accounts, (2) the user data entered when setting up the accounts, (3)

---

[2] The Handbook is a reliable source for interpretation and implementation questions related to the Hague Evidence Convention. It was drafted by the Permanent Bureau of the Hague Conference on Private International Law, reviewed by a Special Commission convened to review the practical operation of the Convention, and approved by the Council on General Affairs and Policy of the Hague Conference.

1 a log of account activities, (4) a log of account password changes, and (5) whether it is possible that the
2 accounts were affected by a data breach.

3      The Swiss Court's request was transmitted to the U.S. Department of Justice, Civil Division,
4 Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to
5 the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18,
6 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention].
7      The request was then transmitted to the U.S. Attorney's Office for the Northern District of
8
9 California for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for
10 international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

11 **ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION**

12      On June 27, 2019 AUSA Pyle sent Oath Holdings an e-mail and letter asking whether Oath
13 Holdings would provide the information sought by the letter of request voluntarily. *See* Pyle Dec., Exh.
14 1. Although the letter had requested a response from Oath Holdings by July 16, 2019, Oath Holdings
15 responded on August 13, 2019. *See* Pyle Dec., Exh. 3. On August 15, 2019, AUSA Pyle sent an e-mail
16 to Oath Holdings enclosing an August 15, 2019 letter. *See* Pyle Dec., Exh. 4.  Later in the day on
17 August 15, 2019, AUSA Pyle received an e-mail rom Oath Holdings stating: "Greetings, You will need
18 a subpoena. Oath Holdings Inc. ("Oath") (formerly Yahoo Holdings, Inc.) accepts service of valid legal
19 process via one of the means below." *See* Pyle Dec., Exh. 5.  The e-mail provides an address in
20 Sunnyvale, California for Oath Holdings and states service by Federal Express or Certified Mail would
21 be acceptable. *Id.*

22      Oath Holdings has stated that it requires a subpoena, and thus the United States seeks the Court's
23 approval to serve Oath Holdings with a subpoena.

24 **ARGUMENT**

25 **I.    THE HAGUE EVIDENCE CONVENTION**

26
27      The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in
28 one contracting state may request evidence located in another contracting state." *Société Nationale*

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT
TO 28 U.S.C. § 1782.                                                3

*Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The

Hague Evidence Convention is in force in both the United States and Switzerland. Hague Conference on

Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence*

*Abroad in Civil or Commercial Matters*, available at

https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited August 21, 2019).

Article 10 of the Hague Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention

provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its

own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be

executed expeditiously.'" *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence

Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the

courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823,

830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state

and federal courts pursuant to the Supremacy Clause.") (Roders, J., concurring); *Bishop v. Reno*, 210

F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a

treaty.").

## II.   STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28

U.S.C. § 1782. This section states:

> Assistance to foreign and international tribunals and to litigants before such tribunals

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); *see also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the Hague Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988).

This Court is authorized to provide assistance to the Swiss Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re: Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79, 83 (2d Cir. 2004); *see also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute);

1  *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign

2  tribunals).

3      Here, each of these threshold statutory requirements is easily met. First, Oath Holdings "resides

4  or is found in" the Northern District of California because the company's offices are located in

5  Sunnyvale, California. *See* Pyle Dec., Exh. 5 (e-mail from Oath Holdings noting address in Sunnyvale).

6  Second, the Letter of Request explains that the testimony is "for use in a proceeding before a foreign

7  tribunal" as such testimony is needed for litigation pending in Switzerland involving a claim over the

8  alleged loss money from a bank account through use of e-mail addresses. *See* Pyle Dec., Exh. 2.  Third,

9  the Letter of Request itself also reflects that it "is made by a foreign or international tribunal." *Id.*

10

11  ### III.   DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

12

13      "[A] district court is not required to grant a § 1782(a) discovery application simply because it has

14  the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide

15  discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v.*

16  *United States*, 210 F.3d 421, 424 (4th Cir. 2000).[3]

17

18      The Supreme Court has set forth certain discretionary factors for a district court to consider

19  before granting a request for judicial assistance:

20      (1) whether the person from whom discovery is sought is a participant in the foreign proceeding;
    (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity
21  of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to
    circumvent foreign proof-gathering restrictions or other policies of a foreign country or the
22  United States; and (4) whether the requested information is unduly intrusive or burdensome.

23

24

---

25  [3] *In re Application for an Order Permitting Metallgesekkschaft AG to take Discovery*, 121 F.3d 77 (2nd Cir. 1997) ("[T]hrough §1782 Congress has seen fit to authorize discovery which, in some cases, would

26  not be available in foreign jurisdictions, as a means of improving assistance by our courts to participants in international litigation and encouraging foreign countries by example to provide similar means of

27  assistance to our courts…. If district courts were free to refuse discovery based on its unavailability in a foreign court or because the foreign court had not first passed on the discoverability of the materials

28  sought, § 1782 would be irrelevant to much international litigation, frustrating its underlying purposes.").

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424; *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Swiss Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]; see also *Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Oath Holdings would presumably not be subject to the Swiss Court's jurisdiction because it is located in Sunnyvale, California; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Swiss Court or the character of the proceedings. Additionally, this request was initiated by the Swiss Court, and not by an independent party; therefore, the Swiss Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527. *In re Application of Grupo Qumma*, No. M 8-85, 2005 WL 937486 (S.D.N.Y. Apr. 22, 2005) (granting 1782 application, holding that ambiguity

about whether the discovery would be permitted in Mexican court is not a relevant factor in determining whether to grant a § 1782 request as that would require federal judges to apply foreign law concepts).

With respect to the third factor, because the requester is the Swiss Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Swiss discovery rules or to thwart policies of either the United States or Switzerland. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("'[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Swiss Court's request for judicial assistance.

And with respect to the fourth factor, the requests seeks information about two yahoo e-mail accounts. The United States is not asking Oath Holdings to provide the content of any e-mail communications, and therefore the request would not be unduly intrusive or burdensome. *See, e.g., London v. Does 1-4*, 279 F. App'x 513, 515 (9th Cir. 2008) ("The request is not an attempt to avoid foreign evidence rules, and is not unduly intrusive or burdensome because it seeks to gather only identifying information for the accounts, such as the names and addresses of the users, and not the content of any communication."); *In re Application of Canadian Private Copying Collective*, No. 11-MC-0028 SRN SER, 2011 WL 1641982, at *3 (D. Minn. Apr. 14, 2011), report and recommendation adopted, No. 11-MC-0028 SRN/SER, 2011 WL 1642432 (D. Minn. May 2, 2011) (granting § 1782 application even where production may be burdensome due to the confidential nature of the documents and noting that the witness could object or move to quash the subpoena after it was granted); *In re Ex Parte Application of Mentor Graphics Corp.*, No. 16-mc-80037-HRL, 2017 WL 55875 (N.D. Cal. Jan. 4, 2017) (holding the first part of the request was not unduly burdensome despite fifteen year temporal scope because it "is required by the nature of the events at issue and the evidence sought." However, the second part of the request was overly burdensome because it sought eighteen years' worth of documents,

1    including things totally unrelated to the matter at hand. The court concluded the benefit of this part of

2    the request did not "outweigh[] the considerable burden of finding and producing" the documents.).

3    Thus, the fourth factor also weighs in favor of granting the request.

4              However, even if the Court determines that the request is too burdensome in part, the request

5    may be trimmed or "blue-penciled" such that it can be at least partially executed. *Intel Corp.*, 542 U.S.

6    at 265 (noting that unduly intrusive or burdensome requests may be "trimmed" by U.S. courts); *In re*

7    *Application of Accent Delight Int'l, Ltd.*, No. 16-MC-125 (JMF), 2018 WL 2849724 (S.D.N.Y. June 11,

8

9    2018) (granting the § 1782 motion for documents, but limiting discovery to those documents relevant to

10   understanding the disputed transactions. The court reasoned that, while the request documents pertaining

11   to other transactions were overly "intrusive or burdensome," it could be cured through the imposition of

12   a judicial limit, and did not warrant rejection); *Mees v. Buiter*, 793 F.3d 291, 302 (2nd Cir. 2015) ("[T]o

13

14   the extend a district court finds that a discovery request is overbroad, before denying the application it

15   should ordinarily consider whether the defect could be cured through a limited grant of discovery");

16   *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095 (2nd Cir. 1995) ("It is far preferable for a district

17   court to reconcile whatever misgivings it may have about the impact of its participation in the foreign

18   litigation by issuing a closely tailored discovery order rather by simply denying relief outright." Section

19   1782's "underlying policy should generally prompt district courts to provide some form of discovery

20   assistance."); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) ("The district

21   court's second error was to turn down Heraeus's discovery request flat, on the ground that compliance

22   would be unduly burdensome to Biomet, without requiring Biomet to negotiate with Heraeus over

23   cutting down the request to eliminate excessive burden and failing that to ask the district court to limit

24

25   the scope of discovery."). *See also* 2016 *Handbook* at ¶ 298, at 106 (3d ed. 2016) ("Moreover, requested

26   authorities in many States are willing, as a matter of internal law, to "blue-pencil" (*i.e.*, modify or limit)

27   a Letter of Request in order for it to be compliant with the provisions of the Convention. In this context,

28

1  blue-pencilling usually involves striking out or rephrasing objectionable questions, or overly broad

2  requests for documents.").

3      In summary, consideration of the four discretionary factors set forth by the Supreme Court in

4  *Intel* favors authorizing judicial assistance to the Swiss Court.

5                              **CONCLUSION**

6      Attached as Exhibit 6 to the Declaration of AUSA Michael T. Pyle is the proposed subpoena that

7

8  this office intends to serve (in substantially similar format) on Oath Holdings should the Court grant the

9  Application pursuant to 28 U.S.C. § 1782.  Upon receipt, Oath Holdings' response to the subpoena will

10  be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for

11  transmission to the District Court in Lugano, Switzerland.

12      The United States respectfully requests that the Court issue an Order, in the form accompanying

13  this filing, appointing Assistant United States Attorney Michael T. Pyle Commissioner for the purpose

14

15  of issuing a subpoena to execute the request for international judicial assistance.

16

17  Dated: August 22, 2019                    Respectfully submitted,

18                                            DAVID L. ANDERSON
                                              United States Attorney

19

20                            By:    _Michael T. Pyle_____

21                                   MICHAEL T. PYLE
                                     Assistant U.S. Attorney

22                                   Attorneys for United States of America

23

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT
TO 28 U.S.C. § 1782.                            10