# EXHIBIT 1

**Pyle, Michael T. (USACAN)**

| | |
|---|---|
| **From:** | Pyle, Michael T. (USACAN) |
| **Sent:** | Thursday, June 27, 2019 10:23 AM |
| **To:** | legal.poc@verizonmedia.com |
| **Subject:** | Request for International Judicial Assistance -- Response Requested by July 16, 2019 |
| **Attachments:** | 2019.06.27 - Ltr re Jankovska.pdf; Jankovska v PKB Privatbank SA.pdf |

Dear Oath Holdings, Inc. Custodian of Records,

Please see the attached letter and enclosure regarding an International Judicial Assistance Request regarding a request from a Swiss court.

Thank you,

Michael Pyle
AUSA, Northern District of California
Direct Line: 408-535-5087

1



*United States Attorney*
*Northern District of California*

---

*150 Almaden Boulevard, Suite 900*         *(408) 535-5087*
*San Jose, California 95113*         *FAX: (408) 535-5081*

June 27, 2019

Oath Holdings, Inc.
Custodian of Records
701 1ˢᵗ Avenue
Sunnyvale, CA 94089

VIA E-MAIL: legal.poc@verizonmedia.com

Re:   Request for International Judicial Assistance from the District Court of
Lugano, Switzerland in <u>Marta Jankovska v. PKB Privatbank SA,</u>
Ref No. OR.2016.233
DJ Reference Number: 189-30-19-5

Dear Custodian of Records:

        I am an Assistant United States Attorney in the United States Attorney's Office, Northern District of California, Civil Division, San Jose Office.

        A Swiss court has requested assistance from the United States Department of Justice to obtain information from Oath Holdings, Inc. for use in litigation pending before the District Court of Lugano, Switzerland.  A request such as this from a foreign court falls under the Convention on Taking Evidence Abroad in Civil or Commercial Matters, a multi-national treaty. The United States of America has agreed to act upon letters of request from foreign governments and to ensure compliance with foreign court orders.

        As you will see from the enclosed Swiss court documents, the Swiss court has requested that the United States of America assist in obtaining information about two e-mail accounts: (1) katerina.jankovska@yahoo.com and (2) katerina.jankovskas@yahoo.com.  (Note that the only difference in the e-mail names is an "s" at the end of the second one.)   The underlying case in Switzerland relates to allegations that a deposit of 1,000,000 British Pounds into a bank account was transferred out of the account by someone who hacked the above yahoo e-mail accounts in order to obtain the funds.  The plaintiff filed an action in Swiss court requesting the bank to reimburse the amounts transferred without her consent.

*Oath Holdings, Inc.*
*June 27, 2019*

After you review the specific request for information set for the in the enclosed request (which is found in the first 3 pages of the enclosure), please let me know under what circumstances, if any, Oath Holdings can provide my office with the requested information.

If you would like, I would be happy to take the steps necessary to serve Oath Holdings with a court-authorized subpoena pursuant to 28 U.S.C. § 1782. I would like to work out a mutually acceptable resolution of this issue, and would welcome any suggestion as to how to interpret the Swiss court's request so that it comports with the Electronic Communications Privacy Act, the Stored Communications Act, or any other applicable statute or case.

If Oath Holdings is willing to provide voluntarily the requested information at this time, please let me know. I would be happy to afford Oath Holdings as much time as it reasonably needs to provide voluntarily the requested information. If Oath Holdings prefers for me to serve a court-authorized subpoena, please let me know whether I may serve you with the court papers and subpoena via e-mail to legal.poc.verizonmedia.com.

Finally, if Oath Holdings is unwilling to provide the requested information under any circumstances, please send me a letter stating the reasons why Oath Holdings cannot provide the requested information, with appropriate legal citations. I would then carefully consider Oath Holdings' position before taking any further action on this matter.

Please contact me by July 16, 2019 to let me know if Oath Holdings will comply voluntarily with the Request. You can reach me at 1-408-535-5087 or via e-mail at michael.t.pyle@usdoj.gov. If I do not hear from you by July 16, 2019, I will presume that Oath Holdings has chosen to be served with a subpoena.

Very truly yours,

DAVID L. ANDERSON
United States Attorney

MICHAEL T. PYLE
Assistant United States Attorney

Enclosure

2

**ti** |🏛|

| | |
|---|---|
| Via Bossi 3<br>6901 Lugano<br>telefono  091 815 53 31<br>fax  091 815 50 39 | Repubblica e Cantone<br>del Ticino<br><br><br>**Pretura di Lugano - Sezione 1**<br>**6901 Lugano** |

| | |
|---|---|
| **Fixing of time limit** | Oath Holdings Inc.<br>U.S. Custodian of Records<br>701 First Avenue<br>Sunnyvale, CA 94089 |

| | |
|---|---|
| File n.<br>OR.2016.233<br>108/2016 | Lugano<br>March 28th, 2019 |

# The Judge of the District of Lugano

PD Dr. iur. Avv. Francesco Trezzini, LL.M.

In ordinary cause procedure submitted on December 7th, 2016 by

Marta *Jankovska*, Barcellona
Represented by Attorney Hans-Ulrich *Kupsch*, Zürich
Represented by Attorney Gilles *Benedick,* Lugano

against

**PKB Privatbank SA,** Lugano
Represented by Attorney Andrea *Molino,* Lugano

| | |
|---|---|
| **Seen** | the e-mail dated February 13th, 2019 from Oath (EMEA) Limited, Dublin, |
| **considered** | that it is necessary to set for the third party Oath Holding Inc. a time limit to provide the information reffered to the operative part of this decision, |
| **for which reasons** | |
| **establishes** | the third party Oath Holding Inc. the **30 days** to provide the following information: |

Information about the following e-mail accounts:

katerina.jankovska@yahoo.com
katerina.jankovskas@yahoo.com

1. When the account has been created (date and time).
   What browser and IP address has benn used to create the account.

Pretura di Lugano

File n.
OR.2016.233

Lugano
March 28th, 2019

2

2.  What user data was entered when setting up an account (user name, address, phone, ...)

3.  Full log of account activities (date and time, activiy type, client browser and IP adress) in particular, log of all deletion of e-mails.

4.  Full log of account password changes (date and time, client browser and IP adress).

In addition, please let us know if it is possible thaht the above mentioned accounts were affected by a data breach.

The Judge 



**Kübler Lara BJ**

| | |
|---|---|
| **Von:** | _EDA-Vertretung Dublin <dublin@eda.admin.ch> |
| **Gesendet:** | Mittwoch, 13. Februar 2019 12:06 |
| **An:** | Sweeney Deirdre EDA SWD |
| **Betreff:** | FW: Oath EMEA LERT 404099 |

Printed
444.1

**From:** rizzo@verizonmedia.com <rizzo@verizonmedia.com> **On Behalf Of** IE-LegalPOC SMB
**Sent:** Wednesday, February 13, 2019 11:03 AM
**To:** _EDA-Vertretung Dublin <dublin@eda.admin.ch>
**Subject:** Oath EMEA LERT 404099

Dear Ms. Sweeney,

We refer to your request ref. **444. 1-swd (ORR.2016.233)**, dated January 31, 2019.

Please note that the Yahoo ID **katerina.jankovska** is not administered by Oath (EMEA) Limited ("Oath EMEA"). Rather, it is administered by Oath Holdings Inc. For further information, please contact Oath Holdings Inc. at legalpoc@verizonmedia.com
Furthermore, please note that user account **katerina.jankovskas** specified in your request is not a valid Yahoo ID at this time.

Please do not hesitate to contact us should you need any additional information.

Yours faithfully,

---

Oath (EMEA) LERT
ie-legalpoc@verizonmedia.com
5-7 Point Square, North Wall Quay, Dublin 1

**Oath:**

CONFIDENTIALITY NOTICE: This e-mail and its attachments are confidential and may be legally privileged.
It is intended for the named recipient only.

*LETTER OF REQUEST*

l    **(Items to be included in all Letters of Request)**

1    Sender *(identity and address)*

**District Court of Lugano, Section 1, Via Bossi 3, 6901 Lugano (Switzerland)**

2    Central Authority of the Requested State *(identity and address)*
**U.S. Department of Justice
Civil Division
Office of International Judicial Assistance
Benjamin Franklin Station
P.O. Box 14360
Washington, D.C. 20004
United States of America**

Person to whom the executed request is to be returned *(identity and address)*

**District Court of Lugano, Section 1, Via Bossi 3, 6901 Lugano (Switzerland)**

*(Items to be included in all Letters of Request)*

4    In conformity with article 3 of the Convention, the undersigned applicant has the honour to submit the following request:

5    a    Requesting judicial authority (article 3, a) *(identity and address)*

**District Court of Lugano, Section 1, Via Bossi 3, 6901 Lugano (Switzerland)**

b    To the competent authority of (article 4, a) *(the requested State)*
**U.S. Department of Justice
Civil Division
Office of International Judicial Assistance
Benjamin Franklin Station
P.O. Box 14360
Washington, D.C. 20004
United States of America**

6    Names and addresses of the parties and their representatives (article 3, b)
a    Plaintiff    **Marta Jankovska, 35 Mandri street, 3rd floor, flat 2, 08022 Barcellona (Spain)**
*Represented by Attorney Hans-Ulrich Kupsch, Talstrasse 11, 8001 Zürich*
*Represented by Attorney Gilles Benedick, Via Ariosto 6, 6901 Lugano*

APR 1 7 2019

C.I.V-189-30-19-5

b   Defendant   **PKB Privatbank SA, Via S. Balestra 1, 6900 Lugano (Switzerland)**
*Represented by Attorney Andrea Molino, Via G.B. Pioda 14, 6901 Lugano*

7   Nature and purpose of the proceedings and summary of the facts (article 3, c)

**compare written summary attached**

8   Evidence to be obtained or other judicial acts to be performed
**request for information addressed to Oath Holdings Inc., U.S. Custodian of Records, 701 First Avenue, Sunnyvale, CA 94089**

III   *(Items to be completed where applicable)*

9   Identity and address of any person to be examined (article 3, e)

10   Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3, f) *(or see attached list)*

11   Documents or other property to be inspected (article 3, g) *(specify whether it is to be produced, copied, valued, etc.)*
........................................................................................................................................
........................................................................................................................................

12   Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3, h) *(In the event that the evidence cannot be taken in the manner requested, specify whether it is to be taken in such manner as provided by local law for the formal taking of evidence)*

13   Special methods or procedure to be followed (articles 3, l and 9)
........................................................................................................................................
........................................................................................................................................

14   Request for information of the time and place for the execution of the Request and identity and address of any person to be notified (article 7)

15   Request for attendance of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8)
........................................................................................................................................
........................................................................................................................................

16   Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11, b)

17   The fees and costs incurred which are reimbursable under the second paragraph of
     article 14 or under article 26 of the Convention will be borne by *(identity and address)*

     ***District Court of Lugano, Section 1, Via Bossi 3, 6901 Lugano (Switzerland)***

IV   **(Items to be included in all Letters of Request)**

18   Date of request

     Lugano, March 28th, 2019

19   Signature and seal of the requesting authority



 Studio
legale
e notarile

Pretura del DISTRETTO di Lugano
Atto

ricevuta   – 5 APR. 2019

ESIBITO No. _____ 9069
Sez. __1__ Inc. No. ____
         09

Dr. Gilles Benedick, LL.M.
Avvocato e Notaio*

For the attention of
Oath Holdings Inc.
U.S. Custodian of Records
701 First Avenue
USA-Sunnyvale, CA 94089

Lugano, 5 April 2019
B0027344 GB/GB

**File no. OR.2016.233 District Court of Lugano**

**Marta Jankovska v. PKB Privatbank SA.**

**Summary of the facts of the case by the claimant (Marta Jankovska)**

In the course of February 2013, Ms. Marta Jankovska set up a bank account at PKB PRIVATBANK SA, Lugano ("PKB"). Mr. Nicolò Dosi Delfini, client advisor at PKB assisted the opening of the account. When opening the bank account, Marta Jankovska granted her mother, Katerina Jankovska, a general power of attorney.

Shortly after the opening of the bank relationship, the amount of GBP 1'000'000.- was transferred into the account of Marta Jankovska.

On February 19, 2014, PKB received an e-mail from the e-mail address katerina.jankovska@yahoo.com, requesting that the bank send *"the available balance on all my account"*. The e-mail was sent to the e-mail address Nicolo.DosiDelfini@pkb.ch. Mr. Dosi Delfini provided information regarding Marta Jankovska's account, including the account holder's name (Marta Jankovska), the account number, and the account balance.

While the e-mail account katerina.jankovska@yahoo.com belongs to Ms. Katerina Jankovska, she has sworn that he has not written the e-mail on February 19, 2014 as well as all the other e-mails sent to the bank and mentioned hereinafter. Ms. Katerina

Via Ariosto 6 · P.O. Box 5251
CH-6901 Lugano
P +41 (0)91 913 39 11
F +41 (0)91 913 39 14
gilles.benedick@benedick-law.ch
www.benedick-law.ch

*Iscritto all'Ordine degli Avvocati
del Cantone Ticino

Jankovska has stated that her e-mail account katerina.jankovska@yahoo.com was hacked and/or that an unknown individual gained access to the account. The claim is that an individual using Ms. Katerina Jankovska's e-mail account impersonated Ms. Katerina Jankovska and wrote the e-mails to the bank on February 19, 2014 and those set forth hereinafter.

After receiving the account details from the Bank, the individual using the e-mail address katerina.jankovska@yahoo.com, requested February 19, 2014 that GBP 150,000 be transferred from Marta Jankovska's account to a company "Mcpine Construction Ltd.", which account was at Barclay's bank in Bedfordshire, UK.

PKB asked to receive a written instruction with the signature of the person giving the instruction. On 19 February 2014, the unknown individual using the e-mail address katerina.jankovska@yahoo.com sent to the bank an e-mail with a document attached containing the payment instruction. Ms. Katerina Jankovska has sworn that the signature on the document sent by e-mail, is not her signature, i.e. the signature was forged.

On February 25, 2014, the individual using the e-mail address katerina.jankovska@yahoo.com requested that the amount of GBP 400,000 was to be wired to the company "Chalt Import & Export Co., Ltd." in Hong Kong. Again, the e-mail was sent to the address Nicolo.DosiDelfini@pkb.ch.

On March 5, 2014, a further transfer request was made to PKB by e-mail (katerina.jankovska@yahoo.com), this time requesting that GBP 350,000 be transferred to the same Chalt Import & Export Co. in Hong Kong.

On March 11, 2014, PKB received a fourth email requesting the balance *"on all my account"*. This time, the email address, from which the request came, was different, albeit similar: katerina.jankovskas@yahoo.com (containing an "s" at the end of the surname).
Ms. Katerina Jankovska has in fact sworn that, on March 6, 2014, she had changed her password to her e-mail account "katerina.jankovska@yahoo.com", since on the very same day, e-mails in her account were coming and deleting simultaneously and she was made aware by several people that she may been victim of a hacker attack. In fact, on December 15, 2016, Ms. Katerina Jankovska received from Yahoo a "Notice of Data Breach", pursuant to which *"an authorized party, in August 2013, stole data associated with a broader set of user accounts"*, including the account of Ms. Katerina Jankovska.
After the password change to the e-mail account katerina.jankovska@yahoo.com on March 6, 2014, the hacker no longer had access to such account.

On 12 March 2014, the individual using the e-mail address katerina.jankovskas@yahoo.com, requested that a further GBP 85,000 be transferred to the company Chalt Import & Export Company in Hong Kong.

On May 5, 2014, a final transfer request in the amount of GBP 11,450 was submitted to PKB. Again the request came from katerina.jankovskas@yahoo.com and this time, the funds were to be sent to an individual ("Rowena Rawlings") in Houston, Texas.

Ms. Katerina Jankovska has sworn that she has not given the aforementioned payment instructions.

On December 7, 2016, Marta Jankovska initiated a civil claim against PKB requesting that the bank reimburse the amounts transferred without her consent, plus legal interests and costs.

**Declaration of conformity**

I, Dr. Gilles Benedick, Esq., Lugano, Canton of Ticino, Swiss Confederation, hereby certify that the present translation from Italian into English (both languages well known to me) of the "Summary of the facts of the case by the claimant (Marta Jankovska)" is true and authentic. The present translation was duly executed by me personally and attached to the Italian text.

Dr. Gilles Benedick, Esq.

**MAG Legis SA**
studio legale

FOGLIO

## SUMMARY OF THE FACTUAL BACKGROUND OF THE CASE

1.  Mr and Mrs Jankovski, both directly and though companies which they owned, have been clients of PKB Privatbank SA since the early 2000s.
    The communication between the Bank and Mr and Mrs Jankovski usually took place through staff members of Mr Kosta Jankovski's companies.
    The bank employee in charge of the account had personally met the staff during a visit to the companies in Skopje.

2.  In 2013 Mr Kosta Jankovski requested the Bank to open an account in the name of his daughter Marta Jankovska, where the amount of GBP 1 million, being a gift from father to daughter, had to be deposited in view of real estate investments (according to information provided by Mr Kosta Jankovski to PKB).

3.  The account opening documentation was signed on 25 February 2013.
    Marta Jankovska also signed the indemnity form for email orders.
    On 26 February 2013 Marta Jankovska granted a proxy in favour of her mother Katerina Jankovska.

4.  On 15 and 22 March 2013 the global amount of GBP 1 million was credited to the account.

5.  On 19 February 2014 the Bank received - from the email address katerina.jankovska@yahoo.com, which had been known to the Bank for years – an instruction to transfer the amount of GBP 150,000.- from the account of Marta Jankovska in favour of the company Mcpine Construction Ltd, London.
    In order to execute the payment the Bank requested an instruction signed by Katerina Jankovska, in her capacity as proxy-holder.
    On the same day the Bank received – as attachment from the email address katerina.jankovska@yahoo.com – a signed payment instruction for the transfer of the amount mentioned here above. The bank employee requested and obtained a confirmation over the phone and the payment was executed on 21 February 2014 and a confirmation was sent to the email address katerina.jankovska@yahoo.com.

6.  On 25 February 2014 the Bank received – from the email address katerina.jankovska@yahoo.com – an instruction to transfer the amount of GBP 400,000.- in favour of Chalt Import & Export Co. Ltd. As in the previous case, the Bank requested and obtained a signed payment instruction and a subsequent confirmation over the phone and executed the payment on 3 March 2014, sending a confirmation to the email address katerina.jankovska@yahoo.com.

7.  On 5 March 2014 the Bank received – from the email address katerina.jankovska@yahoo.com – an instruction to transfer the amount of GBP 350,000.- in favour of Chalt Import & Export Co. Ltd; as in the previous cases, the Bank requested and obtained a signed payment instruction and a subsequent confirmation over the phone and executed the payment on 7 March 2014, sending a confirmation to the email addresses katerina.jankovska@yahoo.com and jankovskamarta@gmail.com.

**MAG Legis SA**
studio legale

POGLIO

2

8.  On 12 March 2014 the Bank received — from the e-mail address katerina.jankovskas@yahoo.com – an instruction to transfer the amount of GBP 85,000.- in favour of Chait Import & Export Co. Ltd; as in the previous cases, the Bank requested and obtained a signed payment instruction and a subsequent confirmation over the phone and executed the payment on 14 March 2014, sending a confirmation to the email addresses katerina.jankovskas@yahoo.com and jankovskamarta@gmail.com.

9.  On 5 May 2014 the Bank received — from the e-mail address katerina.jankovskas@yahoo.com — an instruction to transfer the amount of GBP 11,450.- in favour of Rowena Rawlings; as in the previous cases, the Bank requested and obtained a signed payment instruction and a subsequent confirmation over the phone and executed the payment on 8 May 2014, sending a confirmation to the email address katerina.jankovskas@yahoo.com.

10. On 14 October 2014 the bank employee in charge of the account received a phone call from a staff member of one of the companies of the Jankovski family regarding a forex transaction to be carried out on the account in question. The bank employee enquired about the reasons for such request in consideration of the small amount left on the account.

11. Subsequently Marta Jankovska disputed that the payment instructions received from the email addresses katerina.jankovskas@yahoo.com and katerina.jankovskas@yahoo.com had been given by her mother Katerina Jankovska, alleging that her email account had been hacked and the payment instructions had therefore been sent by unknown and unauthorized persons.

Certification of authenticity: I, the undersigned, certify that the above text has been drawn up by me and is the English translation of the original one in Italian and that it corresponds to the original version both in the form and content.

Avv. Maurizio Agustoni

# EXHIBIT 2

*LETTER OF REQUEST*

I   **(Items to be included in all Letters of Request)**

1   Sender *(identity and address)*

**District Court of Lugano, Section 1, Via Bossi 3, 6901 Lugano (Switzerland)**

2   Central Authority of the Requested State *(identity and address)*
**U.S. Department of Justice**
**Civil Division**
**Office of International Judicial Assistance**
**Benjamin Franklin Station**
**P.O. Box 14360**
**Washington, D.C. 20004**
**United States of America**

Person to whom the executed request is to be returned *(identity and address)*

**District Court of Lugano, Section 1, Via Bossi 3, 6901 Lugano (Switzerland)**

*(Items to be included in all Letters of Request)*

4   In conformity with article 3 of the Convention, the undersigned applicant has the honour to submit the following request:

5   a   Requesting judicial authority (article 3, a) *(identity and address)*

**District Court of Lugano, Section 1, Via Bossi 3, 6901 Lugano (Switzerland)**

b   To the competent authority of (article 4, a) *(the requested State)*
**U.S. Department of Justice**
**Civil Division**
**Office of International Judicial Assistance**
**Benjamin Franklin Station**
**P.O. Box 14360**
**Washington, D.C. 20004**
**United States of America**

6   Names and addresses of the parties and their representatives (article 3, b)
a   Plaintiff   **Marta Jankovska, 35 Mandri street, 3rd floor, flat 2, 08022 Barcellona (Spain)**
*Represented by Attorney Hans-Ulrich Kupsch, Talstrasse 11, 8001 Zürich*
*Represented by Attorney Gilles Benedick, Via Ariosto 6, 6901 Lugano*

APR 1 7 2019

CIV-189-30-19-5

    b    Defendant    **PKB Privatbank SA, Via S. Balestra 1, 6900 Lugano (Switzerland)**
*Represented by Attorney Andrea Molino, Via G.B. Pioda 14, 6901 Lugano*

7    Nature and purpose of the proceedings and summary of the facts (article 3, c)

    **compare written summary attached**

8    Evidence to be obtained or other judicial acts to be performed
**request for information addressed to Oath Holdings Inc., U.S. Custodian of Records, 701 First Avenue, Sunnyvale, CA 94089**

*III    (Items to be completed where applicable)*

9    Identity and address of any person to be examined (article 3, e)

10    Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3, f) *(or see attached list)*

11    Documents or other property to be inspected (article 3, g) *(specify whether it is to be produced, copied, valued, etc.)*
    .............................................................................................................................
    .............................................................................................................................

12    Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3, h) *(In the event that the evidence cannot be taken in the manner requested, specify whether it is to be taken in such manner as provided by local law for the formal taking of evidence)*

13    Special methods or procedure to be followed (articles 3, i and 9)
    .............................................................................................................................
    .............................................................................................................................

14    Request for information of the time and place for the execution of the Request and identity and address of any person to be notified (article 7)

15    Request for attendance of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8)
    .............................................................................................................................
    .............................................................................................................................

16    Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11, b)

17   The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by *(identity and address)*

**District Court of Lugano, Section 1, Via Bossi 3, 6901 Lugano (Switzerland)**


IV   **(Items to be included in all Letters of Request)**

18   Date of request

Lugano, March 28th, 2019


19   Signature and seal of the requesting authority





**Benedick** Studio
legale
e notarile

Pretura del DISTRETTO di Lugano
Atto

ricevuto   - 5 APR. 2019

ESIBITO No.   _9069_
Sez. ___  Inc. No. ___
       *(37)*

Dr. Gilles Benedick, LL.M.
Avvocato e Notaio*

For the attention of
Oath Holdings Inc.
U.S. Custodian of Records
701 First Avenue
USA-Sunnyvale, CA 94089

Lugano, 5 April 2019
B0027344 GB/GB

**File no. OR.2016.233 District Court of Lugano**

**Marta Jankovska v. PKB Privatbank SA.**

**Summary of the facts of the case by the claimant (Marta Jankovska)**

In the course of February 2013, Ms. Marta Jankovska set up a bank account at PKB
PRIVATBANK SA, Lugano ("PKB"). Mr. Nicolò Dosi Delfini, client advisor at PKB assisted the
opening of the account. When opening the bank account, Marta Jankovska granted her
mother, Katerina Jankovska, a general power of attorney.

Shortly after the opening of the bank relationship, the amount of GBP 1'000'000.- was
transferred into the account of Marta Jankovska.

On February 19, 2014, PKB received an e-mail from the e-mail address kateri-
na.jankovska@yahoo.com, requesting that the bank send *"the available balance on all my
account"*. The e-mail was sent to the e-mail address Nicolo.DosiDelfini@pkb.ch. Mr. Dosi
Delfini provided information regarding Marta Jankovska's account, including the account
holder's name (Marta Jankovska), the account number, and the account balance.

While the e-mail account katerina.jankovska@yahoo.com belongs to Ms. Katerina
Jankovska, she has sworn that he has not written the e-mail on February 19, 2014 as well
as all the other e-mails sent to the bank and mentioned hereinafter. Ms. Katerina

Via Ariosto 6 · P.O. Box 5251
CH-6901 Lugano
P +41 (0)91 913 39 11
F +41 (0)91 913 39 14
gilles.benedick@benedick-law.ch
www.benedick-law.ch

*Iscritto all'Ordine degli Avvocati
del Cantone Ticino

Jankovska has stated that her e-mail account katerina.jankovska@yahoo.com was hacked and/or that an unknown individual gained access to the account. The claim is that an individual using Ms. Katerina Jankovska's e-mail account impersonated Ms. Katerina Jankovska and wrote the e-mails to the bank on February 19, 2014 and those set forth hereinafter.

After receiving the account details from the Bank, the individual using the e-mail address katerina.jankovska@yahoo.com, requested February 19, 2014 that GBP 150,000 be transferred from Marta Jankovska's account to a company "Mcpine Construction Ltd.", which account was at Barclay's bank in Bedfordshire, UK.

PKB asked to receive a written instruction with the signature of the person giving the instruction. On 19 February 2014, the unknown individual using the e-mail address katerina.jankovska@yahoo.com sent to the bank an e-mail with a document attached containing the payment instruction. Ms. Katerina Jankovska has sworn that the signature on the document sent by e-mail, is not her signature, i.e. the signature was forged.

On February 25, 2014, the individual using the e-mail address katerina.jankovska@yahoo.com requested that the amount of GBP 400,000 was to be wired to the company "Chalt Import & Export Co., Ltd." in Hong Kong. Again, the e-mail was sent to the address Nicolo.DosiDelfini@pkb.ch.

On March 5, 2014, a further transfer request was made to PKB by e-mail (katerina.jankovska@yahoo.com), this time requesting that GBP 350,000 be transferred to the same Chalt Import & Export Co. in Hong Kong.

On March 11, 2014, PKB received a fourth email requesting the balance *"on all my account"*. This time, the email address, from which the request came, was different, albeit similar: katerina.jankovskas@yahoo.com (containing an "s" at the end of the surname).
Ms. Katerina Jankovska has in fact sworn that, on March 6, 2014, she had changed her password to her e-mail account "katerina.jankovska@yahoo.com", since on the very same day, e-mails in her account were coming and deleting simultaneously and she was made aware by several people that she may have been victim of a hacker attack. In fact, on December 15, 2016, Ms. Katerina Jankovska received from Yahoo a "Notice of Data Breach", pursuant to which *"an authorized party, in August 2013, stole data associated with a broader set of user accounts"*, including the account of Ms. Katerina Jankovska.
After the password change to the e-mail account katerina.jankovska@yahoo.com on March 6, 2014, the hacker no longer had access to such account.

BENEDICK STUDIO LEGALE E NOTARILE                                                3 | 3

On 12 March 2014, the individual using the e-mail address katerina.jankovskas@yahoo.com, requested that a further GBP 85,000 be transferred to the company Chait Import & Export Company in Hong Kong.

On May 5, 2014, a final transfer request in the amount of GBP 11,450 was submitted to PKB. Again the request came from katerina.jankovskas@yahoo.com and this time, the funds were to be sent to an individual ("Rowena Rawlings") in Houston, Texas.

Ms. Katerina Jankovska has sworn that she has not given the aforementioned payment instructions.

On December 7, 2016, Marta Jankovska initiated a civil claim against PKB requesting that the bank reimburse the amounts transferred without her consent, plus legal interests and costs.

**Declaration of conformity**

I, Dr. Gilles Benedick, Esq., Lugano, Canton of Ticino, Swiss Confederation, hereby certify that the present translation from Italian into English (both languages well known to me) of the "Summary of the facts of the case by the claimant (Marta Jankovska)" is true and authentic. The present translation was duly executed by me personally and attached to the Italian text.

Dr. Gilles Benedick, Esq.



Benedick    Studio
            legale ·
            e notarile

All'attenzione di
Oath Holdings Inc.
U.S. Custodian of Records
701 First Avenue
USA-Sunnyvale, CA 94089

Dr. Gilles Benedick, LL.M.
Avvocato e Notaio*

Lugano, 5 aprile 2019
B0027344 GB/GB

**Incarto no. OR.2016.233 Pretura del Distretto di Lugano**

**Marta Jankovska v. PKB Privatbank SA.**

**Riassunto dei fatti di causa di parte attrice (Marta Jankovska)**

Nel febbraio 2013, la Signora Marta Jankovska ha aperto un conto corrente bancario pres-
so PKB PRIVATBANK SA, Lugano ("PKB"). L'apertura del conto è stata seguita dal signor
Nicolò Dosi Delfini, in qualità di consulente alla clientela privata presso PKB. All'apertura
del conto,.Marta Jankovska aveva conferito alla madre, signora Katerina Jankovska, procu-
ra generale sul conto.

Poco dopo l'apertura, sul conto di Marta Jankovska sono confluiti GBP 1'000'000.-.

In data 19 febbraio 2014, il Signor PKB riceveva una e-mail dall'indirizzo kateri-
na.jankovska@yahoo.com in cui le veniva richiesto di indicare: *"the available balance on
all my account"*. L'e-mail è stata inviata all'indirizzo e-mail Nicolo.DosiDelfini@pkb.ch. Il
Signor Dosi Delfini  forniva diverse informazioni sul conto di Marta Jankovska tra cui il no-
me della titolare del conto (Marta Jankovska), il numero di conto nonché il saldo.

Se, da un lato, la Signora Katerina Jankovska è titolare del conto e-mail kateri-
na.jankovska@yahoo.com, dall'altro lato, essa ha testimoniato di non avere scritto l'e-mail
del 19 febbraio 2014 così come non aver scritto alcuna delle e-mail inviate alla banca e

Via Ariosto 6 · P.O. Box 5251
CH-6901 Lugano
P +41 (0)91 913 39 11
F +41 (0)91 913 39 14
gilles.benedick@benedick-law.ch
www.benedick-law.ch

*Iscritto all'Ordine degli Avvocati
del Cantone Ticino

menzionate qui di seguito. La Signora Katerina Jankovska ha dichiarato che il suo conto e-mail katerina.jankovska@yahoo.com è stato hackerato e/o che una persona sconosciuta vi ha avuto accesso. Essa afferma che un individuo ha utilizzato il conto e-mail della Signora Katerina Jankovska, ha impersonato la Signora Katerina Jankovska e ha scritto alla banca l'e-mail del 19 febbraio 2014 e quelle indicate qui di seguito.

Una volta ricevute dalla banca le informazioni sul conto, in data 19 febbraio 2014, la persona sconosciuta che operava dietro l'indirizzo katerina.jankovska@yahoo.com ordinava che dal conto di Marta Jankovska venisse effettuato un bonifico di GBP 150'000.- in favore di una società denominata "Mcpine Construction Ltd" con sede a Luton, Inghilterra, su un conto presso la Banca Barclay nel Bedforshire, Inghilterra.

PKB chiedeva di ricevere un'istruzione scritta con la firma dell'ordinante. In data 19 febbraio 2014, l'individuo sconosciuto che utilizzava l'indirizzo e-mail katerina.jankovska@yahoo.com inviava un'e-mail alla banca, sempre utilizzando l'indirizzo katerina.jankovska@yahoo.com, con in allegato un documento contenente l'istruzione di pagamento. La Signora Katerina Jankovska ha testimoniato che la firma sul documento inviato tramite e-mail non è la sua, ovvero che la firma sul documento è un falso.

In data 25 febbraio 2014, la persona sconosciuta che operava dietro l'indirizzo katerina.jankovska@yahoo.com, chiedeva di trasferire l'importo GBP 400'000.- a favore della società "Chalt Import & Export Co. Ltd" di Hong Kong. Di nuovo, l'e-mail era indirizzata a Nicolo.DosiDelfini@pkb.ch.

Il 5 marzo 2014, PKB riceveva un nuovo ordine di bonifico tramite e-mail ((katerina.jankovska@yahoo.com) chiedente il versamento di GBP 350'000.- a favore della società "Chalt Import & Export Co. Ltd" di Hong Kong.

In data 11 marzo 2014, PKB riceveva una quarta e-mail in cui le veniva richiesto di indicare il saldo: "on all my account". Questa volta la richiesta proveniva dall'indirizzo katerina.jankovskas@yahoo.com un indirizzo simile a quelli usati precedentemente ma non identico (per la presenza della "s" finale dopo il cognome).

La Signora Katerina Jankovska ha testimoniato che, in data 6 marzo 2014, essa ha cambiato la password di accesso al conto "katerina.jankovskas@yahoo.com", poiché, quello stesso giorno, le e-mail nell'account si cancellavano in maniera automatica contestualmente all'invio e poiché la Signora Katerina Jankovska era stata resa attenta da diverse persone che verosimilmente era stata vittima di un attacco di hacker. Infatti, in data 15 dicembre 2016, la Signora Katerina Jankovska riceveva da Yahoo una "Notice of Data Breach", secondo il quale "una terza parte non autorizzata, nell'agosto 2013, aveva rubato dei dati

*legati a diversi account e-mail"*, tra i quali risultava essere quello della Signora Katerina Jankovska.

In seguito alla modifica della password di accesso all'account katerina.jankovskas@yahoo.com, lo hacker non aveva più accesso a tale account.

Il 12 marzo 2014, la persona sconosciuta che operava dietro l'indirizzo katerina.jankovskas@yahoo.com chiedeva un ulteriore trasferimento di GBP 85'000.- di nuovo in favore della società "Chalt Import & Export Co. Ltd" di Hong Kong.

Infine, in data 5 maggio 2014, PKB riceveva un'ultima richiesta di bonifico di GBP 11'450. Anche questa volta la richiesta giungeva dall'indirizzo e-mail katerina.jankovskas@yahoo.com mentre il destinatario del bonifico era una persona fisica, tale Rowena Rawlings a Huston, Texas.

La Signora Katerina Jankovska ha testimoniato di non avere impartito le istruzioni di pagamento summenzionate.

Il 7 dicembre 2016, Marta Jankovska ha inoltrato una causa giudiziaria nei confronti di PKB e ha chiesto il rimborso degli importi trasferiti senza il suo consenso, più interessi di mora e spese.

Print                                                                              04.10.18, 15:59

| | |
|---|---|
| **Subject:** | Reset your Yahoo password |
| **From:** | Yahoo Member Services (yahoo-account-services-us@cc.yahoo-inc.com) |
| **To:** | leon_c2002us@yahoo.com; |
| **Date:** | Thursday, March 6, 2014 12:31 PM |

You recently requested a password reset for your Yahoo account. To create a new password, click on the link below:

Reset My Password

This request was made on March 06, 2014 at 03:31am PST.

Regards,
Yahoo Member Services

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message. Mail sent to this address cannot be answered.

**MAG Legis SA**
studio legale                                                                    FOGLIO

## SUMMARY OF THE FACTUAL BACKGROUND OF THE CASE

1.  Mr and Mrs Jankovski, both directly and though companies which they owned, have been clients of PKB Privatbank SA since the early 2000s.
    The communication between the Bank and Mr and Mrs Jankovski usually took place through staff members of Mr Kosta Jankovski's companies.
    The bank employee in charge of the account had personally met the staff during a visit to the companies in Skopje.

2.  In 2013 Mr Kosta Jankovski requested the Bank to open an account in the name of his daughter Marta Jankovska, where the amount of GBP 1 million, being a gift from father to daughter, had to be deposited in view of real estate investments (according to information provided by Mr Kosta Jankovski to PKB).

3.  The account opening documentation was signed on 25 February 2013.
    Marta Jankovska also signed the indemnity form for email orders.
    On 26 February 2013 Marta Jankovska granted a proxy in favour of her mother Katerina Jankovska.

4.  On 15 and 22 March 2013 the global amount of GBP 1 million was credited to the account.

5.  On 19 February 2014 the Bank received - from the email address katerina.jankovska@yahoo.com, which had been known to the Bank for years – an instruction to transfer the amount of GBP 150,000.- from the account of Marta Jankovska in favour of the company Mcpine Construction Ltd, London.
    In order to execute the payment the Bank requested an instruction signed by Katerina Jankovska, in her capacity as proxy-holder.
    On the same day the Bank received – as attachment from the email address katerina.jankovska@yahoo.com – a signed payment instruction for the transfer of the amount mentioned here above. The bank employee requested and obtained a confirmation over the phone and the payment was executed on 21 February 2014 and a confirmation was sent to the email address katerina.jankovska@yahoo.com.

6.  On 25 February 2014 the Bank received – from the email address katerina.jankovska@yahoo.com – an instruction to transfer the amount of GBP 400,000.- in favour of Chalt Import & Export Co. Ltd. As in the previous case, the Bank requested and obtained a signed payment instruction and a subsequent confirmation over the phone and executed the payment on 3 March 2014, sending a confirmation to the email address katerina.jankovska@yahoo.com.

7.  On 5 March 2014 the Bank received – from the email address katerina.jankovska@yahoo.com – an instruction to transfer the amount of GBP 350,000.- in favour of Chalt Import & Export Co. Ltd; as in the previous cases, the Bank requested and obtained a signed payment instruction and a subsequent confirmation over the phone and executed the payment on 7 March 2014, sending a confirmation to the email addresses katerina.jankovska@yahoo.com and jankovskamarta@gmail.com.

**MAG Legis SA**
studio legale

8.  On 12 March 2014 the Bank received – from the e-mail address katerina.jankovskas@yahoo.com – an instruction to transfer the amount of GBP 85,000.- in favour of Chalt Import & Export Co. Ltd; as in the previous cases, the Bank requested and obtained a signed payment instruction and a subsequent confirmation over the phone and executed the payment on 14 March 2014, sending a confirmation to the email addresses katerina.jankovskas@yahoo.com and jankovskamarta@gmail.com.

9.  On 5 May 2014 the Bank received – from the e-mail address katerina.jankovskas@yahoo.com – an instruction to transfer the amount of GBP 11,450.- in favour of Rowena Rawlings; as in the previous cases, the Bank requested and obtained a signed payment instruction and a subsequent confirmation over the phone and executed the payment on 8 May 2014, sending a confirmation to the email address katerina.jankovskas@yahoo.com.

10. On 14 October 2014 the bank employee in charge of the account received a phone call from a staff member of one of the companies of the Jankovski family regarding a forex transaction to be carried out on the account in question. The bank employee enquired about the reasons for such request in consideration of the small amount left on the account.

11. Subsequently Marta Jankovska disputed that the payment instructions received from the email addresses katerina.jankovska@yahoo.com and katerina.jankovskas@yahoo.com had been given by her mother Katerina Jankovska, alleging that her email account had been hacked and the payment instructions had therefore been sent by unknown and unauthorized persons.


Certification of authenticity: I, the undersigned, certify that the above text has been drawn up by me and is the English translation of the original one in Italian and that it corresponds to the original version both in the form and content.



Avv. Maurizio Agustoni

**MAG Legis SA**
studio legale

FOGLIO

## RIASSUNTO DEI FATTI DI CAUSA

1.  I coniugi Jankovski, sia direttamente, sia per il tramite di società ad essa riconducibili, sono stati clienti di PKB Privatbabank SA dall'inizio degli anni 2000.
    Le comunicazioni tra la banca e i coniugi Jankovski avvenivano per il tramite di dipendenti delle società riconducibili al signor Kosta Jankovski.
    Il collaboratore della banca incaricato della relazione ha visitato gli uffici delle società a Skopjie e ha conosciuto personalmente le dipendenti della società.

2.  Nel 2013 il signor Kosta Jankovski ha chiesto alla banca di aprire un conto alla figlia Marta Jankovksa, visto che era intenzionato a corrisponderle una donazione di GBP 1 Mio in vista di investimenti immobiliari (secondo quanto da lui comunicato alla PKB).

3.  La documentazione di apertura del conto è stata sottoscritta il 25 febbraio 2013.
    Marta Jankovska ha pure sottoscritto il formulario per gli ordini via e-mail.
    Marta Jankovska, il 26 febbraio 2013, ha inoltre conferito procura alla madre Katerina Jankovska

4.  In date 15 e 22 marzo 2013 sul conto sono stati accreditati GBP 1 Mio.

5.  In data 19 febbraio 2014 la banca ha ricevuto dall'indirizzo katerina.jankovska@yahoo.com, noto da anni alla banca, la richiesta di trasferire dal conto di Marta Jankovska GBP 150'000.-- a favore della Mcpine Construction Ltd di Londra.
    Il collaboratore della banca ha chiesto di ricevere un ordine sottoscritto da parte di Katerina Jankvoska, procuratrice del conto.
    Il 19 febbraio 2014 la banca ha ricevuto dall'indirizzo katerina.jankovska@yahoo.com, tramite allegato e-mail, un ordine scritto relativo al bonifico di cui al paragrafo precedente. Il collaboratore della banca ha chiesto e ricevuto conferma telefonica. L'ordine è stato eseguito il 21 febbraio 2014 e la conferma è stata inviata all'indirizzo katerina.jankovska@yahoo.com.

6.  Il 25 febbraio 2014 la banca ha ricevuto dall'indirizzo katerina.jankovska@yahoo.com la richiesta di trasferire GBP 400'000.-- a favore di Chalt Import & Export Co. Ltd; come per il bonifico precedente la banca ha ottenuto un ordine scritto inviato tramite e-mail e una conferma telefonica; il bonifico è stato eseguito il 3 marzo 2014 e la conferma è stata inviata all'indirizzo katerina.jankovska@yahoo.com.

7.  Il 5 marzo 2014 la banca ha ricevuto dall'indirizzo katerina.jankovska@yahoo.com la richiesta di trasferire GBP 350'000.—a favore di Chalt Import & Export Co. Ltd; come per i bonifici precedenti la banca ha ottenuto un ordine scritto inviato tramite e-mail e una conferma telefonica; il bonifico è stato eseguito il 7 marzo 2014 e la conferma è stata inviata agli indirizzi katerina.jankovska@yahoo.com e jankovskamarta@gmail.com.

8.  Il 12 marzo 2014 la banca ha ricevuto dall'indirizzo katerina.jankovskas@yahoo.com la richiesta di trasferire GBP 85'000.-- a favore di

**MAG Legis SA**
studio legale

FOGLIO

2

Chalt Import & Export Co. Ltd; come per i bonifici precedenti la banca ha ottenuto un ordine scritto inviato tramite e-mail e una conferma telefonica; il bonifico è stato eseguito il 14 marzo 2014. e la conferma è stata inviata agli indirizzi katerina.jankovskas@yahoo.com e jankovskamarta@gmail.com.

9.   Il   5   maggio   2014   la   banca   ha   ricevuto   dall'indirizzo katerina.jankovskas@yahoo.com la richiesta di trasferire GBP 11'450.-- a favore di Rowena Rawlings; come per i bonifici precedenti la banca ha ottenuto un ordine scritto inviato tramite e-mail e una conferma telefonica; il bonifico è stato eseguito l'8   maggio   2014.   L'ordine   è   stato   confermato   all'indirizzo katerina.jankovskas@yahoo.com.

10.   Il 14 ottobre 2014 il collaboratore della banca è stato contattato telefonicamente da una dipendente di una società della famiglia Jankovski in merito a un'operazione di cambio da svolgere sul conto in questione. Il collaboratore della banca ha indicato alla sua interlocutrice di non comprendere il motivo della richiesta, vista l'esiguità del saldo disponibile.

11.   In seguito Marta Jankovska ha contestato che la madre Katerina Jankovksa fosse all'origine   delle   istruzioni   trasmesse   mediante   gli   indirizzo katerina.jankovskas@yahoo.com   e   katerina.jankovskas@yahoo.com,   sostenendo che il suo indirizzo e-mail era stato oggetto di pirateria informatica, e dunque che si trattava di ordini falsi impartiti da persone sconosciute non autorizzate.

Avv. Maurizio Agustoni

## DOMANDA DI ASSISTENZA GIUDIZIARIA

I   **(Le indicazioni qui appresso devono figurare in tutte le domande di assistenza giudiziaria)**

1   Mittente *(identità e indirizzo)*
   **Pretura di Lugano, Sezione 1, Via Bossi 3, 6900 Lugano (Svizzera)**

2   Autorità centrale dello Stato richiesto *(identità e indirizzo)*
   **U.S. Department of Justice**
   **Civil Division**
   **Office of International Judicial Assistance**
   **Benjamin Franklin Station**
   **P.O. Box 14360**
   **Washington, D.C. 20004**
   **United States of America**


   *Persona alla quale occorre ritornare gli atti relativi all'esecuzione (identità e indirizzo)*

   **Pretura di Lugano, Sezione 1, Via Bossi 3, 6900 Lugano (Svizzera)**


II   **(Le indicazioni qui appresso devono figurare in tutte le domande di assistenza giudiziaria)**

4   Ai sensi dell'articolo 3 della Convenzione, il richiedente si pregia di presentare la seguente domanda:

5   a   Autorità giudiziaria richiedente (art. 3 lett. a) *(identità e indirizzo)*

   **Pretura di Lugano, Sezione 1, Via Bossi 3, 6900 Lugano (Svizzera)**


   b   All'autorità competente di (art. 3 lett. a) *(nello Stato richiesto)*
   **U.S. Department of Justice**
   **Civil Division**
   **Office of International Judicial Assistance**
   **Benjamin Franklin Station**
   **P.O. Box 14360**
   **Washington, D.C. 20004**
   **United States of America**


6   Identità e indirizzi delle parti e dei loro rappresentanti (art. 3 lett. b)

   a   Parte attrice   **Marta Jankovska, 35 Mandri street, 3rd floor, flat 2, 08022 Barcellona (Spagna)**
   *patr. da: Avv. Hans-Ulrich Kupsch, Talstrasse 11, 8001 Zürich*
   *patr. da: Avv.dr. Gilles Benedick, Via Ariosto 6, 6901 Lugano*

b    Parte convenuta   *PKB Privatbank SA, Via S. Balestra 1, 6900 Lugano (Svizzera)*
*patr. da Avv. Andrea Molino, Via G.B. Pioda 14, 6901 Lugano*

7    Natura e oggetto dell'istanza nonché un breve resoconto dei fatti (art. 3 lett. c)
*confronta riassunto scritto allegato*

8    Atti d'istruttoria o gli altri atti giudiziari da compiere (art. 3 lett. d)
*richiesta di informazioni nei confronti di Oath Holdings Inc., U.S. Custodian of Records, 701 First Avenue, Sunnyvale, CA 94089*

**III    (Le indicazioni qui appresso devono figurare ove occorra)**

9    Nome e indirizzo delle persone da interrogare (<u>art. 3</u> lett. e)

10   Domande da rivolgere alle persone da interrogare o fatti sui quali devono essere interrogate (art. 3 lett. f)

11   Documenti o gli altri oggetti da ispezionare (art. 3 lett. g) *(indicare se desiderati in originale, in copia o sotto forma di resoconto)*
.....................................................................................................................
.....................................................................................................................

12   Precisazione se la deposizione debba essere fatta sotto giuramento o con una semplice affermazione e, ove occorra, l'indicazione della formula da usare (art. 3 lett. h) *(se non è possibile procedere nella forma richiesta, specificare se l'autorità richiesta può interrogare nella forma usuale in loco)*

13   Ogni forma speciale la cui applicazione sia richiesta in conformità <u>dell'articolo 9</u> (art. 3 lett. i)
.....................................................................................................................
.....................................................................................................................

14   Se richiesto, comunicazione della data e del luogo in cui avrà luogo il procedimento, identità e indirizzi delle persone da informare (<u>art.7</u>)

15   Richiesta di far assistere l'autorità richiedente all'esecuzione della rogatoria (<u>art. 8</u>)
.....................................................................................................................
.....................................................................................................................

16   Indicazione del diritto di rifiutare la deposizione o dell'obbligo di rifiutarsi di deporre previsto lla legge dello Stato richiedente (<u>art. 11 lett. b</u>)

17   Le indennità e le spese per le quali conformemente all'articolo 14 capoverso 2 e
     all'articolo 26 è possibile esigere il rimborso verranno pagate da *(identità e indirizzo)*

   ***Pretura di Lugano, Sezione 1, Via Bossi 3, 6900 Lugano (Svizzera)***

**IV   (Le indicazioni qui appresso devono figurare in tutte le domande di assistenza
      giudiziaria)**

18   Data della domanda

   ***Lugano, 28 marzo 2019***

19   Firma e timbro dell'autorità richiedente

Pretura del Distretto
di Lugano - SEZIONE 1

.................................................       .................................................



Via Bossi 3
6901 Lugano

telefono  091 815 53 31
fax  091 815 50 39

Repubblica e Cantone
del Ticino

**Pretura di Lugano - Sezione 1**
**6901 Lugano**

### Fissazione termine

Oath Holdings Inc.
U.S. Custodian of Records
701 First Avenue
Sunnyvale, CA 94089

Incarto n.
OR.2016.233
108/2016

Lugano
28 marzo 2019

## Il Pretore del Distretto di Lugano

PD Dr. iur. Avv. Francesco Trezzini, LL.M.

nella causa procedura ordinaria promossa in data 7 dicembre 2016 da

        **Marta *Jankovska,*** Barcellona
        patr. da: Avv. Hans-Ulrich *Kupsch,* Zürich
        patr. da: Avv.dr. Gilles *Benedick,* Lugano

        contro

        ***PKB Privatbank SA,*** Lugano
        patr. da: Avv. Andrea *Molino,* Lugano

Vista         l'e-mail 13 febbraio 2019 della Oath (EMEA) Limited, Dublino,

ritenuto        che occorre fissare al terzo richiesto, Oath Holding Inc., un termine per
            fornire le informazioni di cui al dispositivo della presente decisione,

per i quali motivi

**fissa**        al terzo richiesto Oath Holding Inc. un termine di **30 giorni** per fornire le
            seguenti informazioni:

            Information about the following e-mail accounts:

            katerina.jankovska@yahoo.com
            katerina.jankovskas@yahoo.com

            1.  When the account has been created (date and time).
                What browser and IP address has benn used to create the account.

2.  What user data was entered when setting up an account (user name, address, phone, …)

3.  Full log of account activities (date and time, activiy type, client browser and IP adress) in particular, log of all deletion of e-mails.

4.  Full log of account password changes (date and time, client browser and IP adress).

In addition, please let us know if it is possible thaht the above mentioned accounts were affected by a data breach.

Il Pretore 

**Kübler Lara BJ**

| | |
|---|---|
| **Von:** | _EDA-Vertretung Dublin <dublin@eda.admin.ch> |
| **Gesendet:** | Mittwoch, 13. Februar 2019 12:06 |
| **An:** | .Sweeney Deirdre EDA SWD |
| **Betreff:** | FW: Oath EMEA LERT 404099 |

Printed
444.1

**From:** rizzo@verizonmedia.com <rizzo@verizonmedia.com> **On Behalf Of** IE-LegalPOC SMB
**Sent:** Wednesday, February 13, 2019 11:03 AM
**To:** _EDA-Vertretung Dublin <dublin@eda.admin.ch>
**Subject:** Oath EMEA LERT 404099

Dear Ms. Sweeney,

We refer to your request ref. **444. 1-swd (ORR.2016.233)**, dated January 31, 2019.

Please note that the Yahoo ID **katerina.jankovska** is not administered by Oath (EMEA) Limited ("Oath
EMEA"). Rather, it is administered by Oath Holdings Inc. For further information, please contact Oath
Holdings Inc. at **legalpoc@verizonmedia.com**
Furthermore, please note that user account **katerina.jankovskas** specified in your request is not a valid
Yahoo ID at this time.

Please do not hesitate to contact us should you need any additional information.

Yours faithfully,


--
**Oath (EMEA) LERT**
**ie-legalpoc@verizonmedia.com**
**5-7 Point Square, North Wall Quay, Dublin 1**


**Oath⁚**
A Verizon company

CONFIDENTIALITY NOTICE: This e-mail and its attachments are confidential and may be legally
privileged.
It is intended for the named recipient only.

1

**Kübler Lara BJ**

| | |
|---|---|
| **Von:** | Sweeney Deirdre EDA SWD <deirdre.sweeney@eda.admin.ch> |
| **Gesendet:** | Mittwoch, 13. Februar 2019 12:19 |
| **An:** | Kübler Lara BJ |
| **Betreff:** | Zustellungsersuchen gemäss Art. 8 HZUe65 an OATH (EMEA) LIMITED - ref. C-19-41-1-KUL |
| **Anlagen:** | FW: Oath EMEA LERT 404099 |

Dear Mrs. Kübler,

As requested I forward the judicial documents by registered post to OATH (EMEA) LIMITED, Dublin, on 31.01.2019. This morning I received the attached email from the company.

Wishing you a good afternoon.

Best regards from Dublin

**Deirdre Sweeney**
Executive Assistant to the Ambassador

 

Embassy of Switzerland in Ireland

6, Ailesbury Road, Ballsbridge, Dublin 4
Tel.: +353 1 218 0100
Fax: +353 1 283 0344
deirdre.sweeney@eda.admin.ch
dub.vertretung@eda.admin.ch
www.eda.admin.ch/dublin
follow us on twitter

*This e-mail may contain trade secrets or privileged, undisclosed or otherwise confidential information. If you have received this e-mail in error, you are hereby notified that any review, copying or distribution of it is strictly prohibited. Please inform us immediately and destroy the original transmittal. Thank you for your cooperation.*

# EXHIBIT 3

**Pyle, Michael T. (USACAN)**

| | |
|---|---|
| **From:** | legal15@verizonmedia.com on behalf of Legal POC SMB <legalpoc@verizonmedia.com> |
| **Sent:** | Tuesday, August 13, 2019 2:55 PM |
| **To:** | Pyle, Michael T. (USACAN) |
| **Subject:** | Re: Request for International Judicial Assistance -- Response Requested by July 16, 2019 |

Please submit your request via our Law Enforcement Online Submissions (LEOS) system, available at https://lawenforcementrequests.oath.com. If you experience any difficulties registering for, or submitting a request through LEOS, please contact us at LEOS-support@verizonmedia.com.

All law enforcement requests seeking user data, including preservation demands and emergency disclosure requests, should be submitted through LEOS. If you have submitted your legal process previously, do not resend it via LEOS.

NDO extensions for previously submitted legal process should be sent to lawenforcement-inquiries@verizonmedia.com (do not submit via LEOS).

Status requests and general questions should be sent to: lawenforcement-inquiries@verizonmedia.com.

If you are submitting a request for content removal or reporting other abusive conduct, please send that request to legal-customer-esc@verizonmedia.com.

Regards,

Oath Holdings Inc. Legal Team

On Thu, Jun 27, 2019 at 10:32 AM Pyle, Michael T. (USACAN) <Michael.T.Pyle@usdoj.gov> wrote:

Dear Oath Holdings, Inc. Custodian of Records,

Please see the attached letter and enclosure regarding an International Judicial Assistance Request regarding a request from a Swiss court.

Thank you,

Michael Pyle

1

AUSA, Northern District of California

Direct Line: 408-535-5087

# EXHIBIT 4

**Pyle, Michael T. (USACAN)**

| | |
|---|---|
| **From:** | Pyle, Michael T. (USACAN) |
| **Sent:** | Thursday, August 15, 2019 9:51 AM |
| **To:** | legalpoc@verizonmedia.com; lawenforcement-inquiries@verizonmedia.com |
| **Subject:** | Request for CIVIL International Judicial Assistance -- Response to Questions Requested by August 29, 2019 |
| **Attachments:** | August 15, 2019 Letter to Oath Holdings.pdf; E-mail from Law Enforcement Enclosure to August 15 2019 letter.pdf |

Please see the attached letter and enclosure regarding a civil, not criminal, matter regarding a request for answers to questions from a Swiss court.  I sent my original letter about this matter to legalpoc@verizonmedia.com in July.

Thank you,

Michael Pyle
Civil AUSA, NDCA
Direct Line: 408-535-5087



*United States Attorney*
*Northern District of California*

150 Almaden Boulevard, Suite 900       (408) 535-5087
San Jose, California 95113       FAX: (408) 535-5081

August 15, 2019

Oath Holdings, Inc.
Custodian of Records
701 1st Avenue
Sunnyvale, CA 94089

VIA U.S. MAIL and E-MAIL: legalpoc@verizonmedia.com; lawenforcement-inquiries@verizonmedia.com

Re:   Request for International Judicial Assistance from the District Court of
      Lugano, Switzerland in Marta Jankovska v. PKB Privatbank SA,
      Ref No. OR.2016.233
      DJ Reference Number: 189-30-19-5

Dear Oath Holdings:

        I submitted a letter to Oath Holdings, Inc. via e-mail to legalpoc@verizonmedia.com on
June 26, 2019, asking for a response to some questions by July 16, 2019.  I received no response
by that date.

        Instead, as I was about ready to file papers with the district court in order to obtain
authorization to serve a subpoena on Oath Holdings, I received the enclosed form e-mail about a
Law Enforcement Online Submissions on August 13, 2019.

        I believe you misunderstood my June 26, 2019 letter.  I am a Civil, not Criminal,
Assistant United States Attorney.  Furthermore, the Swiss litigation is a civil dispute and not a
criminal matter, and we are proceeding in this matter pursuant to 28 U.S.C. § 1782. This is not a
"law enforcement" request as that phrase is normally used.

        Please let me know if Oath Holdings would (a) voluntarily comply with the request, or
(b) would instead prefer that I obtain court-authorized subpoena.  If you prefer that I obtain a
court-authorized subpoena, please let me know if you would like to negotiate about a form of
court order or subpoena.  Finally, please let me know if you would accept service of a subpoena
by sending it to an e-mail address.

*Oath Holdings, Inc.*
*August 15, 2019*

Please contact me by **August 29, 2019** to let me know if Oath Holdings will comply voluntarily with the Request or wishes to discuss the form of a court order or subpoena, as well as whether the subpoena could be served by e-mail.

You can reach me at 1-408-535-5087 or via e-mail at michael.t.pyle@usdoj.gov.  If I do have answers to these questions by August 29, 2019, I will presume that Oath Holdings has chosen to be served with a subpoena at its address in Sunnyvale

Very truly yours,

DAVID L. ANDERSON
United States Attorney

MICHAEL T. PYLE
Assistant United States Attorney

Enclosures

2

**Pyle, Michael T. (USACAN)**

| | |
|---|---|
| **From:** | legal15@verizonmedia.com on behalf of Legal POC SMB <legalpoc@verizonmedia.com> |
| **Sent:** | Tuesday, August 13, 2019 2:55 PM |
| **To:** | Pyle, Michael T. (USACAN) |
| **Subject:** | Re: Request for International Judicial Assistance -- Response Requested by July 16, 2019 |

Please submit your request via our Law Enforcement Online Submissions (LEOS) system, available at https://lawenforcementrequests.oath.com. If you experience any difficulties registering for, or submitting a request through LEOS, please contact us at LEOS-support@verizonmedia.com.

All law enforcement requests seeking user data, including preservation demands and emergency disclosure requests, should be submitted through LEOS. If you have submitted your legal process previously, do not resend it via LEOS.

NDO extensions for previously submitted legal process should be sent to lawenforcement-inquiries@verizonmedia.com (do not submit via LEOS).

Status requests and general questions should be sent to: lawenforcement-inquiries@verizonmedia.com.

If you are submitting a request for content removal or reporting other abusive conduct, please send that request to legal-customer-esc@verizonmedia.com.

Regards,

Oath Holdings Inc. Legal Team

On Thu, Jun 27, 2019 at 10:32 AM Pyle, Michael T. (USACAN) <Michael.T.Pyle@usdoj.gov> wrote:

Dear Oath Holdings, Inc. Custodian of Records,

Please see the attached letter and enclosure regarding an International Judicial Assistance Request regarding a request from a Swiss court.

Thank you,

Michael Pyle

1

AUSA, Northern District of California

Direct Line: 408-535-5087

# EXHIBIT 5

**Pyle, Michael T. (USACAN)**

| | |
|---|---|
| **From:** | legal5@verizonmedia.com on behalf of Law Enforcement Inquiries SMB <lawenforcement-inquiries@verizonmedia.com> |
| **Sent:** | Thursday, August 15, 2019 6:02 PM |
| **To:** | Pyle, Michael T. (USACAN) |
| **Subject:** | Re: Request for CIVIL International Judicial Assistance -- Response to Questions Requested by August 29, 2019 |

Greetings,

You will need a subpoena.

Oath Holdings Inc. ("Oath") (formerly Yahoo Holdings, Inc.) accepts service of valid U.S. legal process via one of the means below.

*FedEx or Certified Mail*
Oath Holdings Inc.
Custodian of Records
701 First Avenue
Sunnyvale, CA 94089

*Registered Agent*
CT Corporation

Regards,

# Oath Holdings Inc. (formerly Yahoo Holdings, Inc.)
U.S. Law Enforcement Response Team
701 First Avenue
Sunnyvale CA 94089

On Thu, Aug 15, 2019 at 9:51 AM Pyle, Michael T. (USACAN) <Michael.T.Pyle@usdoj.gov> wrote:

Please see the attached letter and enclosure regarding a civil, not criminal, matter regarding a request for answers to questions from a Swiss court.  I sent my original letter about this matter to legalpoc@verizonmedia.com in July.

Thank you,

Michael Pyle

Civil AUSA, NDCA

Direct Line: 408-535-5087

# EXHIBIT 6

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of California

| | | |
|---|---|---|
| Marta Jankovska v. PKB Privatbank S.A. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| REQUEST FROM SWISS COURT FOR | ) | |
| INFORMATION FROM OATH HOLDINGS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Oath Holdings, Inc.

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached.

| Place: Michael T. Pyle, 150 Almaden Blvd., Suite 900, San Jose, CA 95113 | Date and Time: |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

    *CLERK OF COURT*
                                    OR
    _____        _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    United States
_____, who issues or requests this subpoena, are:

Michael T. Pyle, U.S. Attorney's Office, 150 Almaden Blvd., Suite 900, San Jose, CA 95113; michael.t.pyle@usdoj.gov

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 6A

## Questions to Answer / Documents to Produce

## The United States does not seek the content of any e-mail communications



Via Bossi 3
6901 Lugano

telefono     091 815 53 31
fax         091 815 50 39

Repubblica e Cantone
del Ticino

**Pretura di Lugano - Sezione 1**
**6901 Lugano**

| **Fixing of time limit** | Oath Holdings Inc.<br>U.S. Custodian of Records<br>701 First Avenue<br>Sunnyvale, CA 94089 |
|---|---|

File n.
OR.2016.233
108/2016

Lugano
March 28th, 2019

# The Judge of the District of Lugano

PD Dr. iur. Avv. Francesco Trezzini, LL.M.

In ordinary cause procedure submitted on December 7th, 2016 by

    **Marta Jankovska,** Barcellona
    Represented by Attorney Hans-Ulrich *Kupsch*, Zürich
    Represented by Attorney Gilles *Benedick*, Lugano

    against

    **PKB Privatbank SA,** Lugano
    Represented by Attorney Andrea *Molino*, Lugano

| Seen | the e-mail dated February 13th, 2019 from Oath (EMEA) Limited, Dublin, |
|---|---|
| considered | that it is necessary to set for the third party Oath Holding Inc. a time limit to provide the information reffered to the operative part of this decision, |
| for which reasons | |
| **establishes** | the third party Oath Holding Inc. the **30 days** to provide the following information: |

Information about the following e-mail accounts:

katerina.jankovska@yahoo.com
katerina.jankovskas@yahoo.com

1. When the account has been created (date and time).
   What browser and IP address has benn used to create the account.

CITOSS-F.DOT/0733977.doc

Pretura di Lugano    File n.    Lugano
OR.2016.233    March 28th, 2019

2

2. What user data was entered when setting up an account (user name, address, phone, ...)

3. Full log of account activities (date and time, activiy type, client browser and IP adress) in particular, log of all deletion of e-mails.

4. Full log of account password changes (date and time, client browser and IP adress).

In addition, please let us know if it is possible thaht the above mentioned accounts were affected by a data breach.

The Judge 

ti

# EXHIBIT 6B

**E-mails from Letter of Request**

**These e-mails are for Oath Holdings convenience**

**Kübler Lara BJ**

| | |
|---|---|
| **Von:** | _EDA-Vertretung Dublin <dublin@eda.admin.ch> |
| **Gesendet:** | Mittwoch, 13. Februar 2019 12:06 |
| **An:** | .Sweeney Deirdre EDA SWD |
| **Betreff:** | FW: Oath EMEA LERT 404099 |

Printed
444.1

**From:** rizzo@verizonmedia.com <rizzo@verizonmedia.com> **On Behalf Of** IE-LegalPOC SMB
**Sent:** Wednesday, February 13, 2019 11:03 AM
**To:** _EDA-Vertretung Dublin <dublin@eda.admin.ch>
**Subject:** Oath EMEA LERT 404099

Dear Ms. Sweeney,

We refer to your request ref. **444. 1-swd (ORR.2016.233)**, dated January 31, 2019.

Please note that the Yahoo ID **katerina.jankovska** is not administered by Oath (EMEA) Limited ("Oath EMEA"). Rather, it is administered by Oath Holdings Inc. For further information, please contact Oath Holdings Inc. at **legalpoc@verizonmedia.com**
Furthermore, please note that user account **katerina.jankovskas** specified in your request is not a valid Yahoo ID at this time.

Please do not hesitate to contact us should you need any additional information.

Yours faithfully,

---
**Oath (EMEA) LERT**
**ie-legalpoc@verizonmedia.com**
**5-7 Point Square, North Wall Quay, Dublin 1**

**Oath:**
A Verizon company

CONFIDENTIALITY NOTICE: This e-mail and its attachments are confidential and may be legally privileged.
It is intended for the named recipient only.

1

Print                                                                04.10.18, 15:59

Subject:   Reset your Yahoo password

From:      Yahoo Member Services (yahoo-account-services-us@cc.yahoo-inc.com)

To:        leon_c2002us@yahoo.com;

Date:      Thursday, March 6, 2014 12:31 PM

You recently requested a password reset for your Yahoo account. To create a new password, click on the link below:

Reset My Password

This request was made on March 06, 2014 at 03:31am PST.

Regards,
Yahoo Member Services

*************************************************

Please do not reply to this message. Mail sent to this address cannot be answered.