UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REQUEST FROM THE DISTRICT COURT OF LUGANO, SWITZERLAND FOR INFORMATION FROM OATH HOLDINGS, INC.<br><br>RE Marta Jankovska v. PKB Privatbank S.A., RE NO. OR.2016.233 | Case No.19-mc-80208-VKD<br><br>**ORDER RE EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

The United States, on behalf of the District Court of Lugano, Switzerland ("Swiss Court"), has filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena commanding Oath Holdings, Inc. ("Oath") to produce documents in response to a proposed subpoena.[1] Dkt. Nos. 1, 3, Exs. 6 & 6A.

The Court grants the application, subject to the modifications described below.

**I.     BACKGROUND**

According the application, the Swiss Court requests the United States' assistance in obtaining evidence from Oath in connection with a civil case, *Marta Janokovska v. PKB Privatbank SA*, No. OR.2016.233. The case concerns an alleged unauthorized transfer of funds from an account held by the plaintiff with PKB Privatbank. The Swiss Court seeks information from Oath concerning two Yahoo! email accounts that are alleged to have been hacked and then used to direct the unauthorized transfer of funds. Dkt. No. 2 at 2-3; Dkt. No. 3, Ex. 1. The United States says that Oath Holdings resides or is found in Sunnyvale, California. Dkt. No. 2 at 6; Dkt.

---

[1] As explained below, there is some ambiguity about the form of discovery the United States seeks.

No. 3 ¶ 5.

The United States asks the Court to appoint Assistant United States Attorney Michael T. Pyle as Commissioner for the purpose of issuing a subpoena to Oath. Dkt. No. 2 at 10.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Id.* at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. In exercising that discretion, the court considers several factors:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
> (4) whether the discovery requested is "unduly intrusive or burdensome."

*Intel*, 542 U.S. at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information

2

sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III. DISCUSSION

### A. Statutory Requirements

The United States' application satisfies the three statutory requirements of 28 U.S.C. § 1782(a). The Swiss Court is a foreign tribunal and has asked for discovery for use in a proceeding currently pending before the Swiss Court.[2] Dkt. No.2 at 2-3; Dkt. No. 3, Ex. 1. The United States requests authorization to serve a subpoena for documents on Oath, which has an office in Sunnyvale, California in this district and has indicated that will receive service of a subpoena at that office. Dkt. No. 3 ¶ 5, Ex. 5.

---

[2] Although the request from the Swiss Court to the United States is dated March 28, 2019 and the case appears to have been filed in 2016, there is no indication on the record presented that the proceeding for which the discovery is sought has been concluded. *See Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

3

United States District Court
Northern District of California

The application is not entirely clear regarding the form of discovery requested. Although the United States asks the Court to authorize service of a document subpoena, the proposed subpoena simply attaches the Swiss Court's letter of request, which includes the following requests for information about the two Yahoo! Accounts:

> 1. When the account has been created (date and time).
>
> 2. What browser and IP address has benn[sic] used to create the account.
>
> 3. What user data was entered when setting up an account (user name, address, phone, …)
>
> 4. Full log of account activities (date and time, activiy[sic] type, client bowser and IP adress[sic] in particular, log of all deletion of e-mails.
>
> 5. Full log of account password changes (date and time, client browser and IP adress[sic]).
>
> 6. In addition, please let us know if it is possible thaht[sic] the above mentioned accounts were affected by a data breach.

Dkt. No. 3, Exs. 6 & 6A. Some of these requests are framed as questions and others as requests for documents. Complicating matters, the memorandum supporting the United States' application says that it seeks an order "to obtain testimony from [Oath] in the form of . . . answers to several questions, some of which may be answered by producing documents . . . ." Dkt. No. 2 at 1.

Under § 1782(a), a district court may order a person to "give his testimony or statement or to produce a document or other thing." 28 U.S.C. § 1782(a). The statute does not authorize a district court to order such person to respond to interrogatories. *See, e.g.*, *Siemens AG v. Western Digital Corp.*, No. 13-cv-1407-CAS-(AJWx), 2013 WL 5947973, at *5 (C.D. Cal. Nov. 4, 2013); *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1033 (N.D. Ill. 2006) (interpreting § 1782(a) "to include depositions and document production, but not interrogatories"); *see* also Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, art. 10, *opened for signature March 18, 1970*, 23 U.S.T. 2555(directing that "the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law

for the execution of orders issued by the authorities of its own country or of request made by parties in internal proceedings"); California Practice Guide: Federal Civil Procedure Before Trial § 11:1298 (The Rutter Group 2019) ("There is no authority, however, for a court to order a 'person' within the district (party or nonparty) to respond to interrogatories or RFAs.").

As the United States attaches for the Court's review only a subpoena for documents, the Court will construe the application as a request to serve a document subpoena on Oath, and not a request for testimony. Where the letter of request frames the inquiry as a question, rather than a request for documents, the Court will construe the application as a request to serve a subpoena for documents that are sufficient to show the information described in the question.

### B. *Intel* Factors

Even if the Court has the authority to grant the application, the Court is not required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1. Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568 at *3 (internal quotations and citation omitted).

It appears from the application that Oath is not a party to the civil action before the Swiss Court, and the documents sought by subpoena are located in the United States. Dkt. No. 3 ¶ 5, Ex. 5. The Court infers that the Swiss Court would not seek the assistance of the United States in obtaining these documents if the documents were within the reach of the Swiss Court's jurisdiction. In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. This factor weighs in favor of authorizing service of the subpoena.

#### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of

5

the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568 at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citation omitted).

Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery). Here, however, the request for assistance originates with the foreign tribunal itself. Accordingly, this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether the Swiss Court's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568 at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Here, as with the second factor, the foreign tribunal itself seeks evidence in aid of its own proceeding. Accordingly, this factor also weighs in favor of authorizing service of the subpoena.

#### 4. **Unduly Burdensome or Intrusive Discovery**

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

As described above, the United States seeks an order authorizing service of a document subpoena concerning two Yahoo! accounts. According to the application, the authorized user of the two accounts has testified in the Swiss Court proceeding that the accounts were hacked and used without her knowledge or permission. The information sought in the Swiss Court's letter of request appears tailored to an investigation of these particular allegations. The United States affirmatively represents that the proposed subpoena does not seek the contents of any email communications. Dkt. No. 2 at 8. Accordingly, this factor weighs in favor of authorizing service of the subpoena.

## IV. CONCLUSION

The United States's application on behalf of the Swiss Court meets the statutory criteria for an order authorizing service of a document subpoena on Oath. In addition, the factors that inform the Court's exercise of its discretion under *Intel* also favor authorizing service of the subpoena.

Accordingly, the Court authorizes service of the proposed subpoena on Oath. However, the proposed subpoena may not be served in its current form. As noted above, the Swiss Court's letter of request includes questions as well as requests for production of documents. The United States may serve a document subpoena on Oath that includes document requests only and it may need to reformulate the Swiss Court's questions, as appropriate, to clarify that the subpoena seeks the production of documents.[3]

This order does not foreclose a motion to quash or to further modify the subpoena by Oath following service, or by any other interested party. The Court orders the United States and Oath to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. The Court appoints AUSA Michael T. Pyle to serve the proposed subpoena on Oath

---

[3] The United States may wish to correct the typographical errors noted above before serving the subpoena.

7

and to receive documents produced in response to the subpoena.

2. At the time of service of the subpoena, the United States must also serve a copy of this order on Oath. The return date on the subpoena must be at least 30 calendar days from the date of service.

3. Within 7 calendar days of receipt of the subpoena and this order, Oath shall provide copies of the subpoena and this order to any owners or users of the accounts.

4. Within 14 calendar days from the date of receipt of copies of the subpoena and this order, any interested person may file a motion in this Court contesting the subpoena (including a motion to quash or to modify the subpoena). Such motion shall be served on Oath and the United States (to the attention of AUSA Michael T. Pyle).

**IT IS SO ORDERED.**

Dated: August 26, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge